UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

HASMIK MARTIROSYAN,

Petitioner,

v.

JAMES JANECKA, *et al.*,

Respondents.

No. 5:26-cv-01868-AYP

**ORDER DENYING RESPONDENTS' *EX PARTE* APPLICATION TO DISSOLVE MAGISTRATE JUDGE'S ORDER BARRING TRANSFER OR REMOVAL OF PETITIONER**

Petitioner Hasmik Martisrosyan is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order ("TRO") filed on April 15, 2026.

On April 20, 2026, the Court ordered Respondents to file a response to the Petitioner's TRO on April 22, 2026, at the same time as their Answer to the Petition was due. (Dkt. No. 9.) The Court also ordered Respondents "not to remove Petitioner from this judicial district pending the resolution of this matter." *Id.*

Respondents submitted their Anwer to the Petition and Opposition to the Ex Parte Request for TRO on April 22, 2026. (Dkt. No. 11.) The Respondents also submitted their Notice of Intended Removal of Petitioner on April 22, 2026. (Dkt. No. 12.)

It is undisputed by the parties that Petitioner has a final order of removal. (Dkt. No. 1 at 6; Dkt. No. 11 at 8.) Respondents state that they arrested the

Petitioner on March 20, 2026, in order to effectuate the final removal order. (Dkt. No. 11 at 9.) Petitioner was subsequently released from custody on April 1, 2026, pursuant to a petition for Writ of Habeas Corpus. *Id.*

On April 2, 2026, the Embassy/Consulate of the Republic of Armenia issued a travel document for Petitioner. (Dkt. No. 11-3.) On April 15, 2026, Petitioner reported to Enforcement and Removal Operations ("ERO") Los Angeles Alternatives to Detention ("ATD") Unit and was taken into custody. (Dkt. No. 11-1, ¶34.) Petitioner was served with a Notice of Revocation of Release and provided an informal interview. *Id.*

The Respondents provided a Notice of Intent to remove Petitioner on or about April 26, 2026. (Dkt. No. 12.) Respondents included a Declaration of Saul Hernandez in their Notice of Intended Removal of Petitioner indicating ERO's plans to effectuate Petitioner's removal to Armenia on April 26, 2026. (Dkt. No. 12-1.)

Petitioner submitted a Reply to Respondents Answer to the Petition and a Reply to Respondents' opposition to the TRO. (Dkt. No. 13.)

On April 23, 2026, Respondents filed an *ex parte* application for an order dissolving the "travel restriction" part of the Magistrate Judge's April 20, 2026, Order Requiring Response to Habeas Petition. (Dkt. No. 14.)

Petitioner opposed the Respondent's *ex parte* motion. (Dkt. No. 15.) Due to the time constraints, Respondents filed a Supplement to the *ex parte* motion indicating Petitioner's removal is rescheduled to May 12, 2026 because "the Court has not issued a decision on Respondents' *ex parte* application." (Dkt. No. 16.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). A party seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor";

and (4) that "an injunction is in the public interest." *Id.* A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

Upon consideration of the Respondents *ex parte* application for an order dissolving the "travel restriction" part of the Magistrate Judge's April 20, 2026, Order, the Court finds Respondents cannot demonstrate the requisite basis for emergency relief under *Winter v. Natural Resources Defense Council*, because the alleged harm has been postponed more than two weeks. *Winter*, 555 U.S. at 7 (Respondent "must establish ... that he is likely to suffer irreparable harm in the absence of preliminary relief"). As Petitioner's removal order will now be effectuated on May 12, 2026, the Court concludes that Respondents are not entitled to *ex parte* relief.

Accordingly, the *ex parte* Application for Temporary Restraining Order is DENIED without prejudice.

Respondents are ORDERED not to remove Petitioner from this judicial district pending the resolution of this matter.

IT IS SO ORDERED.

Dated: April 27, 2026

_____
HONORABLE ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE